## MINERS' BANK v. BLACKISTON.

### January 4, 1840.

*Motion for judgment for want of an affidavit of defence.*

A. agreed with B. to accept all drafts which the latter might draw on the former. Afterwards B. made his drafts on A. in favour of C. which A. did not accept. In an action by C. against A.: *Held*, that the drafts and the agreement, taken either together or separately did not constitute "an instrument of writing for the payment of money," under the act of 28th March, 1835, entitling the plaintiff to judgment for want of an affidavit of defence.

*Qu.* Could C. recover against A. on any or all of these instruments?

THIS was an action to December term, 1839, No. 476. The plaintiff filed copies of certain drafts, and an agreement for acceptances, on which the suit was brought, under the act of 28th March 1835, as follows, viz.:

"Pottsville, September 24th, 1839.

$437.

1. Thirty days after date, pay to the order of George H. Potts, four hundred and thirty-seven dollars, value received, and charge the same to account of

         (Signed)         GEORGE H. POTTS.
         (Endorsed)       GEORGE H. POTTS.

To J. R. BLACKISTON,
    Philadelphia."

Protested for non-payment, 26th October, 1839.

"Pottsville, September 28th, 1839.

$638.

2. Thirty days after date, pay to the order of George H. Potts, six hundred and thirty-eight dollars, value received, and charge the same to account of

         (Signed)         GEORGE H. POTTS.
         (Endorsed)       GEORGE H. POTTS.

To J. R. BLACKISTON,
    Philadelphia."

[Miners' Bank v. Blackiston.]

"Philadelphia, May 17th, 1839.

3. I hereby agree to accept all drafts drawn upon me, by Mr. George H. Potts, of Pottsville."

(Signed)          JOHN R. BLACKISTON."

The plaintiff obtained a rule to show cause why judgment should not be entered, for want of an affidavit of defence.

*Emlen*, for plaintiff.
*Guillou*, contra.

PER CURIAM.—The question is, whether the papers filed, taken together or singly, constitute "an instrument of writing for the payment of money," within the act of 1835. The defendant's obligation of May 17, 1839, is not an *acceptance*; it is an agreement to accept, which is executory. The defendant may be liable to the drawers of the draft, for a breach of his agreement, but not to the plaintiffs as on an acceptance. It does not even appear that the plaintiffs took the drafts on the faith of the previous agreement made with Potts, or that the plaintiffs ever saw it.

Judgment refused.